**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

|                                   |   |                                  |
|-----------------------------------|---|----------------------------------|
| SCCI HOSPITALS OF AMERICA LLC,    | ) |                                  |
|                                   | ) |                                  |
| Plaintiff,                        | ) |                                  |
|                                   | ) |                                  |
| v.                                | ) | CASE NO. 3:18-CV-00863-PPS-MGG   |
|                                   | ) |                                  |
| AUTO-OWNERS INSURANCE             | ) |                                  |
| COMPANY ET AL.,                   | ) |                                  |
|                                   | ) |                                  |
| Defendant.                        | ) |                                  |

**OPINION AND ORDER**

On February 4, 2019, Defendant, Auto-Owners Insurance Company ("Auto-

Owners"),[1] a Michigan corporation, filed a motion seeking to transfer this case to the

Western District of Michigan, pursuant to 28 U.S.C. § 1404(a).  On February 18, 2019,

Plaintiff, SCCI Hospitals of America d/b/a Kindred Hospital Northern Indiana

("Kindred"), filed a response. Defendants DISH Network Corporation Employee

Benefits Health and Welfare Plan and DISH Network Corporation (together "the DISH

Defendants") filed nothing in response. On February 25, 2019, Auto-Owners filed a

reply. The Court **DENIES** Auto-Owners' motion to transfer for the following reasons.

**I.     RELEVANT BACKGROUND**

On October 24, 2018, Kindred sued all the defendants based upon Defendants'

failure to pay for services rendered to a patient (the "Patient") in its long-term acute

---

[1] Defendant claims to be incorrectly named in this suit and thus refers to itself as Home-Owners
Insurance Company. [DE 20 at 1]. However, lacking an amendment to the pleadings, substitution of the
parties, or other official correction, the Court will refer to the party as named in the initial complaint.

care hospital in Mishawaka, Indiana. The Patient, a resident of Niles, Michigan, held an automobile insurance policy from Auto-Owners and was the beneficiary of an employee healthcare plan through the DISH Defendants. The Auto-Owners policy was negotiated, issued, and delivered in Michigan.

The Patient was treated at Kindred following a sequence of events that began on September 25, 2017, in Niles, Michigan, where she experienced a medical event while driving that led to a one-vehicle crash. The Patient's husband, also a Niles resident, was on the phone with her at the time of the crash. A Niles police officer responded to the crash, which was witnessed by one person who resides in nearby Buchanan, Michigan. After the accident, the Patient was initially treated at Lakeland Hospital in St. Joseph, Michigan, then transferred to University of Chicago Medical Center in Chicago, Illinois, and finally transferred into long-term care at Kindred in Mishawaka, Indiana.

Kindred now sues Auto-Owners pursuant to the Michigan No-Fault Insurance Act, MCL § 500.3101, *et seq.*, for payment of automobile insurance benefits for the Patient's care and treatment at Kindred in Mishawaka, Indiana, after the crash. Kindred is also suing the DISH Defendants under ERISA for payment for its care and treatment of the Patient. Through the instant motion, Auto-Owners seeks a transfer of venue to the Western District of Michigan under 28 U.S.C. § 1404(a). In support, Auto-Owners argues that transfer would be in the interest of justice and more convenient for the parties and witnesses because the medical event and vehicle crash at issue took place in Michigan, the majority of key witnesses are in Michigan, and the dispute involves

construction of a Michigan-issued insurance policy and the Michigan No-Fault

Insurance Act. This Court disagrees.

## II.   ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), a federal district court may transfer any civil

action to any other district for the convenience of the parties and witnesses and in the

name of justice, if venue is proper in both courts. Therefore, transfer analysis involves

separate inquiries into (1) proper venue in both the transferor and transferee courts; (2)

the convenience of parties and witnesses; and (3) the interest of justice. *Research*

*Automation Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The

burden is on the movant to show that transfer is warranted. *Coffey v. Van Dorn Iron*

*Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). However, the statute allows for a "flexible

and individualized" analysis of the unique issues raised in a particular civil action,

which therefore places considerable discretion in the transferor court when deciding

whether transfer is appropriate. *Research Automation*, 626 F.3d at 977–78 (citing

*Stewart Org., Inc. v. Ricoh Corp., et al.*, 487 U.S. 22, 29 (1988)).

**A.      Jurisdiction and Venue in the Northern District of Indiana and the
Western District of Michigan**

No party challenges the jurisdiction of either district. Therefore, the Court's only

question is the propriety of venue in both districts.

As relevant here, "[a] civil action may be brought in . . . a judicial district in

which a substantial part of the events or omissions giving rise to the claim occurred, or

a substantial part of property that is the subject of the action is situated." 28 U.S.C.

§ 1391(b)(2). Auto-Owners notes that venue is "technically proper" in the Northern District of Indiana, but suggests it is "debatable" whether a "substantial part" of the events giving rise to the claim occurred in this district. [DE 20 at 8].

Auto-Owners contends that the Patient's medical event and vehicle crash in Michigan are the relevant "substantial part" of the events giving rise to Kindred's claim here while Kindred argues that the key events giving rise to this suit are the services rendered to the Patient, for which Defendants have not paid, in this District. In the end, the Court need not reach any conclusion about the "debatable" question of "substantial part of events" because events in both Michigan and Indiana are historical predicates to this lawsuit. *See Johnson v. Masselli*, No. 2:07 CV 214 PPS, 2008 U.S. Dist. LEXIS 1293, at *12 (N.D. Ind. Jan. 4, 2008) (citing *Moore v. Dixon*, 460 F. Supp. 2d 931, 936 (E.D. Wis. 2006)) (finding that determining where a "substantial part" of the events or omissions that gave rise to the claim occurred "is more of a qualitative, rather than quantitative inquiry" and that the critical question is whether the events in the forum "were part of the historical predicate for the instant suit.")

B.     Convenience of the Witnesses and Parties

In evaluating the private interests reflected in the convenience element, courts generally consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of witnesses; and (5) the convenience of the parties. *Schumacher v. Principal Life Ins. Co.*, 665 F. Supp. 2d 970, 977 (N.D. Ind. 2009). A litigant seeking a transfer of venue has the burden of showing

that the transferee court is "clearly more convenient than the transferor court." *Coffey,
796 F.2d at 220*.

###### 1.     Plaintiff's choice of forum

Unless the balance of factors is strongly in favor of the defendant, the plaintiff's
choice of forum should rarely be disturbed. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662,
664 (7th Cir. 2003). Yet Auto-Owners argues that as the Northern District of Indiana is
not Kindred's home forum and not a situs of specific material events, its choice should
be entitled to less deference. It is true that a plaintiff's choice of forum is given deference
especially when it is the plaintiff's home forum. *See, e.g.*, *Schumacher*, 665 F. Supp. at 977.
Moreover, less deference is typically given when the plaintiff's choice is also not a situs
of material events. *See id.* Thus, as this Court has previously stated, "analysis of the situs
of material events can become intertwined with any analysis of the Plaintiff's choice of
forum." *Dwyer Instruments, Inc. v. Wal-Mart.com USA, LLC*, No. 3:17-CV-636, 2017 WL
6034434, at *2 (N.D. Ind. Dec. 6, 2017). Accordingly, this Court now will now examine
the second factor.

###### 2.     Situs of material events

"Material events are those that give rise to the cause of action." *Aldridge v. Forest
River, Inc.*, 436 F. Supp. 2d 959, 961 (N.D. Ill. 2006) (citing *Von Holdt v. Husky Injection
Molding Sys., Ltd.,* 887 F. Supp. 185, 188–89 (N.D. Ill.1995)). Here, the crash leading to the
Patient's treatment at Kindred is an event material to a determination of what, if any,
payments are due Kindred under the Patient's insurance policies through Auto-Owners
and the DISH Defendants. And that crash undisputedly occurred in Michigan.

Additionally, the Patient's Home-Owners policy was undisputedly negotiated, issued, and delivered in Michigan. Yet, the core of this lawsuit is Kindred's claim for payment of care that it provided in the Northern District of Indiana regardless of the reason for the care. Thus, the Patient's treatment is also a material event giving rise to this lawsuit. And Kindred provided those services in Indiana. As no particular material event predominates, the situs of material events supports venue in either District.

### 3. Ease of Access to Sources of Proof

The sources of proof in this case will be related to the events surrounding the vehicle crash in Michigan and to the Patient's medical care. As to the crash, a Michigan police officer responded to the crash such that any paperwork related to the crash would presumably be located at his Police Department in Niles, Michigan. With the Patient and her husband having resided in Niles at the time of the crash, any sources of proof that they might posses—relevant tangible things or documentation—are likely located in or near their home in Michigan. The Patient's medical records from after the crash would be located in St. Joseph, Michigan, Chicago, Illinois, and Mishawaka, Indiana. Documentation from the doctor who conducted an independent medical evaluation for Auto-Owners would likely be located at this office in Orchard Lake, Michigan. Documentation of the Patient's relevant insurance policies would likely be located near her home in Niles or at the offices of the insurers—Lansing, Michigan for Auto-Owners and Englewood, Colorado for the DISH Defendants.

Thus, much but not all of the sources of proof in this case are located in Michigan. Notably, however, Niles, Michigan; St. Joseph, Michigan; Chicago, Illinois;

and Mishawaka, Indiana are all geographically closer to this Court in South Bend, Indiana, than they are to Kalamazoo, Michigan, where the nearest federal courthouse in the Western District of Michigan is located. Therefore, ease of access to sources of proof favors neither District.

### 4.      Convenience of the parties

The convenience of the parties factor "involves the consideration of the parties' respective residences and their abilities to bear the expense of trial in a particular forum." *Hall v. Miller's Health Sys., Inc.*, No. 2:12-CV-151-RL-PRC, 2012 WL 4748072, at *4 (N.D. Ind. July 12, 2012). However, "[w]hen plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003); *see also Valbruna Stainless, Inc. v. ADT Sec. Servs., Inc.*, No. 1:10-CV-00077-WCL, 2010 WL 2772324, at *5 (N.D. Ind. July 12, 2010).

Here, Kindred is a Delaware corporation with its principal place of business in Kentucky that operates a hospital in Mishawaka, Indiana, but has no facilities in Michigan. Auto-Owners is a Michigan company based in Lansing, Michigan while the DISH Defendants are located in Englewood, Colorado. Thus, Auto-Owners is the only party technically at home in either District. Nevertheless, the parties are all from different states just as they were in *Nat'l Presto Industries*. And, as Auto-Owners' admits, all the parties have the ability to bear the expense of litigation in either District. [DE 20 at 10]. Notably, the DISH Defendants face the greatest geographical distance from either

District, but have not challenged venue in either location. Therefore, the convenience of the parties factor favors not disturbing Kindred's choice of forum.

### 5. Convenience of the witnesses

"When weighing the relative convenience of witnesses, courts assign greater weight to the location of non-party witnesses because securing their testimony may require use of compulsory processes and because they are more likely to be inconvenienced by having to travel." *Commissioning Agents, Inc. v. Long*, 187 F. Supp. 3d 980, 988 (S.D. Ind. 2016). Here, most of the witnesses live or work in or near Niles, Michigan—the Patient, her husband, the Niles police officer who responded to the car crash, the Buchanan, Michigan resident who witnessed the crash, the medical professionals treating the Patient in St. Joseph, Michigan. As noted before, however, any of these witnesses or other witnesses who might be from Chicago, Mishawaka, Kentucky, or Colorado would be geographically nearer to the Court in South Bend as compared to Kalamazoo. While some witnesses may be closer to Kalamazoo, most are not. Therefore, the convenience of the witnesses factor weighs in favor of the Northern District of Indiana.

### C. Interest of Justice

An assessment of the interest of justice focuses on the efficient administration of the courts. *Research Automation*, 626 F.3d at 978. Factors that are relevant to this analysis include: (1) the speediness of trial in either jurisdiction; (2) each court's familiarity with the relevant law; and (3) each location's relationship to the controversy. *Id.*

Here, Auto-Owners makes no argument that the Western District of Michigan would be able to bring this case to trial more quickly than the Northern District of Indiana. However, Auto-Owners emphasizes that central to this case is the substantive interpretation of Michigan's No-Fault Insurance law. Auto-Owners argues that the No-Fault law is complex and evolving such that a Michigan federal court would be better equipped to resolve any questions turning on the law. Similarly, Auto-Owners contends that the Michigan public has an interest in the litigation of its own law and the insurance policies between its companies and citizens.

Indeed, the citizens of any state have a strong public interest in the resolution of disputes arising under the state's laws, especially when they affect the state's own corporate entities or individual citizens. *See Valbruna Stainless, Inc. v. ADT Sec. Servs., Inc.*, 2010 WL 2772324, at *2. However, these interests alone are not sufficient to dictate a transfer of venue.

In *Valbruna Stainless*, upon which Auto-Owners relies heavily, this Court transferred a case involving Texas law to a court in Texas. 2010 WL 2772324, at *6. However, the Court "consider[ed] all the relevant factors, as well as surrounding facts and circumstances" before determining that "the balance of party and witness convenience and the interests of justice 'clearly' weigh in favor of transfer . . . ." *Id.* In that case, the witnesses and sources of proof were predominantly located in Texas. *Id.* at *5. Moreover, the case involved a RICO claim that amounted to a localized controversy creating a substantial public interest in resolution of a local crime. *Id.* This case can be distinguished.

As already discussed, the witnesses and sources of proof are located nearer to this Court than to the Michigan court. And while Michigan's No-Fault law is involved, other issues in the case do not affect Michigan as directly. For instance, corporate entities operating in Indiana, like Kindred, have a substantial interest in getting paid. Auto-Owners has not persuaded this Court that Michigan's public interest in this case is any greater than Indiana's interest. Additionally, this Court can adjudicate the claims in this action as competently as the Michigan court, especially with the assistance of the attorneys litigating this case who will diligently alert this Court to any land mines in Michigan law requiring special care.

## III.  CONCLUSION

As discussed above, jurisdiction and venue are proper in either the Northern District of Indiana or the Western District of Michigan. Additionally, Kindred chose to file its claims in this Court and that choice deserves substantial deference because Auto-Owners has not established that a transfer to Michigan would be more convenient for the parties and witnesses or would better serve the interests of justice. Therefore, the Court **DENIES** Auto-Owners' motion to transfer venue. [DE 20]

**SO ORDERED** this 23rd day of April 2019.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
