UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SCCI HOSPITALS OF AMERICA, LLC d/b/a Kindred Hospital Northern Indiana, <br><br> Plaintiff, <br><br> v. <br><br> HOME-OWNERS INSURANCE COMPANY, *et al.*, <br><br> Defendants. | CASE NO. 3:18-CV-863-DRL-MGG |

**OPINION AND ORDER**

On May 29, 2020, Defendant Home-Owners Insurance Company ("Home-Owners") filed its Motion to Quash Subpoena Duces Tecum Directed to J&P Michigan Evaluation Group, Inc. Plaintiff filed a response brief in opposition on June 12, 2020. Home-Owners' Motion became ripe on June 22, 2020, without any reply brief being filed. For the reasons discussed below, Home-Owners Motion is denied.

**I.    RELEVANT BACKGROUND**

Plaintiff is an operator of a long-term acute care hospital raising claims in this action against Home-Owners to recover payment for care and treatment it provided to a particular patient[1]. Home-Owners is the no-fault Michigan insurer that provided the Patient with automobile coverage. Plaintiff seeks payment from Home-Owners for more than $1.2 million of care and treatment for anoxic brain injury caused by cardiac

---

[1] The relevant patient is not a party to this action. To protect her privacy interests, the Court will simply refer to her as "the Patient" in this order.

arrest provided to the Patient following a single-car automobile collision. Home-Owners denied coverage for the Patient's care and treatment on the ground that it was not related to the auto accident. In support, Home-Owners relies in part on the medical report of Dr. Andrew Borin, D.O., who concluded that the Patient suffered cardiac arrest before the auto collision.

To secure this opinion, Home-Owners had engaged a third-party vendor, J&P Michigan Evaluation Group, Inc. ("MEG"), to assist with finding a physician to complete a record review and issue an opinion on whether the Patient's auto collision caused her injuries. After considering several physicians, Home-Owners hired Dr. Borin, a cardiologist, to conduct the review and provide a medical opinion.

Thus, Plaintiff's discovery efforts in this case included the deposition of Dr. Borin, who *inter alia* answered some questions related to MEG. Plaintiff also deposed two Home-Owners claims representatives, Greg Rothe and Lynn Shelle. Mr. Rothe testified about having retained Dr. Borin through MEG while Ms. Shelle testified as to her knowledge of MEG. As part of its written discovery responses, Home-Owners also produced all the communications between its claim representatives and MEG regarding the Patient's claim.

Even with this information in hand, Plaintiff advised the parties on May 8, 2020, that it would be serving a subpoena duces tecum upon MEG. MEG is located in Southfield, Michigan and the subpoena asked that MEG produce documents responsive to 13 requests in Louisville, Kentucky by May 29, 2020. Home-Owners objected

promptly and conferred with Plaintiff without reaching any agreement. Accordingly, Home-Owners filed the instant Motion to Quash on May 29, 2020.

The subpoena includes thirteen requests for production of documents. Requests #1–6 seek communications relating to the records review of the Patient's medical records. Requests #7–8 seek information concerning billing and payment for that records review. Home-Owners objects to Requests #1–8 stating that it has already produced documents relevant to these requests.

Requests #9 and 11 seek documents regarding the business relationships between Home-Owners, MEG, and Dr. Borin. Requests #10, 12, and 13 seek similar information that can place into context Dr. Borin's opinions and Home-Owners' position concerning the cause of the Patient's injuries for which Plaintiff treated her. Home-Owners objects to Requests #9–13 arguing they are "completely irrelevant, overly broad, unduly burdensome, seek private information protected by HIPAA (among other laws), and essentially require that MEG compile data, which is wholly beyond the scope of what is reasonable, relevant, and required of a deponent." [DE 54 at 5].

Notably, Home-Owners' Motion states that an attached brief contains legal authority in support of its Motion. [DE 54 at 6]. Home-Owners also identifies six exhibits in its Motion. [DE 54 at 3–4 n.1–9] Neither the brief nor the exhibits were ever filed at the time Home-Owners filed the Motion or in reply to Plaintiff's response brief, which cited legal authority in support of its arguments and attached exhibits that appear to have been at least some of Home-Owners' stated exhibits. Therefore, the

3

Court accepts Home-Owners' Motion as its complete argument in favor of its request to quash the MEG subpoena. *See United States v. Berkowitz,* 927 F.2d 1376, 1384 (7th Cir. 1991) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."); *see also Am. Nat'l Bank & Trust Co. of Chi. v. Alps Elec. Co., Ltd.,* No. 99 C 6990, 2002 WL 484849, at *2 (N.D. Ill. Mar. 29, 2002) ("[T]he court is not required to scour the record to unearth material factual disputes or evidentiary support for a party's position.")

## II.  ANALYSIS

"Federal Rule of Civil Procedure 45(a) permits the issuance of subpoenas to produce documents and other tangible things in the custody or control of a person." *Malibu Media, LLC v. John Does 1-14,* 287 F.R.D. 513, 516 (N.D. Ind. 2012) (citations omitted). Accordingly, Rule 45 allows parties to seek discovery from non-parties using subpoenas.

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c); requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A)(ii)–(iv). A party seeking to quash a subpoena bears the burden of establishing that the subpoena falls within Rule 45's exceptions. *See Malibu Media,* 287 F.R.D. at 516; *LaSalle Nat. Assoc. v. Nomura Asset Capital Corp.,* No. 03 C 4065, 2003 WL 21688225, at *1 (N.D. Ill. July 16, 2003).

Here, Home-Owners challenges the MEG subpoena arguing that it (1) requires production of documents in beyond the 100-mile radius required under Fed. R. Civ. P.

4

45(c)(1)(A); (2) was issued by the incorrect court; (3) presents Requests for Documents #1–8 seeking documents already produced by Home-Owners; (4) presents Requests for Documents #9–13 seeking documents that are irrelevant, overly broad, unduly burdensome, and protected from disclosure by HIPAA and other laws; and (5) requires MEG to compile data. However, Home-Owners has not met its burden to show that the MEG falls within the exceptions in Fed. R. Civ. P. 45(d)(3).

### A.     Standing

As a preliminary matter, Home-Owners has not demonstrated that it has standing to challenge the MEG subpoena. As a general rule, "a party lacks standing to quash a subpoena issued to a nonparty unless the party has a claim of privilege attached to the information sought or unless it implicates a party's privacy interests." *Malibu Media*, 287 F.R.D. at 516; *Hard Drive Prods. v. Does 1-48*, No. 11 CV 9062, 2012 WL 2196038, at *3 (N.D. Ill. June 14, 2012); *see also Brady v. Cent. Ind. Reg'l Blood Ctr. Inc.*, No.1:99-MC-19, 1999 WL 33912610, at *1 (N.D. Ind. Oct. 6, 1999) (citations omitted). In other words, "[a] party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982). A party needs only a minimal privacy interest to establish standing to quash a subpoena. *Malibu Media*, 284 F.R.D. at 516.

None of Home-Owners' arguments are predicated on any claimed privilege or other privacy interest of its own. Instead, Home-Owners' arguments focus on the general scope of the subpoena's requests, the burden on MEG to respond to the subpoena, and compliance with Rule 45's requirements for subpoenas. MEG can raise

such objections if it wishes when the subpoena is served. Even Home-Owners' discussion of potentially privileged or otherwise protectable information, including sensitive health information protected by HIPAA and proprietary opinions that could be protected by work-product, attorney-client, or attorney-expert privileges, fails to suggest that it has any legitimate interest in this allegedly protectable information. Having failed to demonstrate even a minimal privacy interest in the subpoena requests, Home-Owners has not established standing to challenge the MEG subpoena. On this ground alone, Home-Owners' motion to quash should be denied. However, Home-Owners' other arguments also fail.

### B.   Other Issues

First, "[a] subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). Therefore, the MEG subpoena must be issued from this Court as Plaintiff has proposed.

Second, Plaintiff has agreed to modify the MEG subpoena to require production of documents at a designated location within 100 miles of MEG's principal place of business as required under Fed. R. Civ. P. 45(c)(1)(A). [*See* DE 55 at 19].

Third, Plaintiff demonstrates that subpoena Requests #1–8 seek information that goes beyond the documents Home-Owners has already produced. [DE 55 at 13–14]. Moreover, Plaintiff shows the relevance of the requested information without any reply

from Home-Owners. As such, Home-Owners has not met its burden to establish that the requested information is irrelevant and unduly burdensome.[2]

Fourth, Home-Owners has only presented a conclusory argument that subpoena Requests #9–13 are "completely irrelevant, overly broad, [and] unduly burdensome." [DE 54 at 5]. This is not enough especially when Plaintiff has shown that the requested information is relevant to the biases of MEG and Dr. Borin. [DE 55 at 14–19].

Lastly, Home-Owners simply states that the subpoena would require MEG to compile data without any factual support to show the burden on MEG as a non-party. [DE 54 at 5].

Without more, Home-Owners has not met its burden to show that the MEG subpoena falls within any of the exceptions in Fed. R. Civ. P. 45(d)(3).

### III. CONCLUSION

For the reasons discussed above, the Court **DENIES** Home-Owners' Motion to Quash. [DE 54]. However, the Court **ORDERS** Plaintiff to modify the MEG subpoena before serving it to require production of responsive documents within 100-miles of MEG's principal place of business.

---

[2] To determine whether a subpoena is unduly burdensome, a court weighs a number of factors including relevance, need, the breadth of the document request, the time period covered by it, the particularity with which the documents are requested, the burden imposed, and non-party status. *Ranborn Corp. v. Argonaut Great Cent. Ins. Co.*, CAUSE NO.: 4:16-CV-88-RL-PRC, 2018 WL 404252, at *1 (N.D. Ind. Aug. 24, 2018); *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 896 (S.D. Ind. 2006); *see also Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.*, 2011 4507417, at *4 (E.D. Mich. Sept. 29, 2011) ("'Undue burden' is not . . . defined by the rules, but generally a court must balance the potential value of the information to the party seeking it against the cost, effort, and expense to be incurred by the person or party producing it.").

**SO ORDERED** this 30th day of July 2020.

<u>s/Michael G. Gotsch, Sr.</u>
Michael G. Gotsch, Sr.
United States Magistrate Judge